**Judith M. KELLEY, Plaintiff,**

v.

**CITY OF CHICAGO, Defendant.**

No. 02C 1262.

United States District Court,
N.D. Illinois,
Eastern Division.

April 23, 2002.

Byron L. Mason, Karen I. Ward, Equip for Equality, Chicago, IL, for Plaintiff.

Patricia M. Carroll–Smit, Tracey Renee Ladner, Gia L. Morris, City of Chicago, Law Department Corporation Counsel, Mara Stacy Georges, Corporation Counsel, City of Chicago, Chicago, IL, for Defendant.

## CONSENT DECREE

ALESIA, District Judge.

**WHEREAS,** on February 21, 2002 Plaintiff, a sworn Chicago Police Officer, by her attorneys, Karen I. Ward and Byron L. Mason of Equip for Equality, Inc., brought this action under the Rehabilitation Act of 1973 against the City of Chicago; and

**WHEREAS,** Plaintiff's Complaint charged that, after she had served on Limited Duty at a desk job for more than five years, the Chicago Police Department discriminated against her because of her disability by applying an unlawful police department policy to her, (i.e. General Order 98–2; "Minimum Eligibility Requirements" for limited duty, attached hereto as Exhibit A) pursuant to which it removed her from Limited Duty, forced her to take medical leave and subsequently refused allow her to return to limited duty, all because she walked with a limp and was found to need a cane;

**WHEREAS,** Plaintiff's Complaint sought a permanent injunction barring the Department from applying the allegedly unlawful policy to her, restoration of all leave taken as a result of the application of the policy, compensatory damages, and attorneys fees; and

**WHEREAS,** Plaintiff also filed a motion for a temporary restraining order to enjoin the Defendant from refusing to grant her a Release to return to her previously held Limited Duty position on April 8, 2002; and

**WHEREAS** the factual allegations of the Plaintiff in this case, supported by affidavit, are as follows:

• Plaintiff Judith Kelley became a sworn police officer for the Chicago Police Department in 1990 and was assigned to the patrol Division;

- From 1990 until 1994, Kelley served as a full duty officer;
- In 1994 when she underwent surgery for a non-malignant brain tumor, and such surgery left her with left side hemeplegia, which consisted of weakness on her left side and a substantial limp which impairment substantially interfered with the major life activities of walking;
- After a period of recuperation and rehabilitation, she was returned to work in September of 1995 in a Limited Duty status assigned to the Central Booking;
- Plaintiff worked at a desk in Central Booking doing telephone and computer work until December of 2000 and during that entire time she was approved for Limited Duty with the restrictions of no prolonged walking and no prolonged standing;
- For the five years that she worked in Central Booking, Plaintiff was able to perform all of her duties, none of which required walking without a limp or without an assistive device, and received excellent performance ratings (ranging from 90–94);
- Plaintiff qualified with her weapon at the firing range each year from 1995 through 2000;
- In December of 2000, Plaintiff was removed from her position on limited duty after a mandatory evaluation by a physical therapist retained by the Police Department determined that she walked with a limp and could benefit from using a cane and was placed upon the medical roll after being given the choices of resign, apply for disability, or be terminated;
- On the day she was removed, Plaintiff's superior read to her from a memorandum, which set forth the reason for her removal; i.e. that she did not meet the minimum eligibility requirements of general order 98–2 because she did not walk with a stable gait and ambulate independently without the use of an external supporting device;
- In November of 2001 Plaintiff underwent another evaluation to determine if she should be returned to work;
- The November evaluation concluded that Plaintiff still walked with a limp and needed a cane for ambulation;
- Plaintiff's personal physician certified that she was able to work in the desk position she had held for five years in Central Booking;
- Following the November 2001 evaluation, the Department concluded that, at such time as Plaintiff's medical roll leave and other leave expired, she would be required to resign, to apply for disability at a much reduced rate of compensation or be terminated; she was further advised that civilian employment was unavailable due to a hiring freeze;
- Plaintiff suffered humiliation, distress, pain, and suffering as a result of Defendants actions and would be irreparably harmed if the Defendant was not enjoined from its intended actions against her; and

**WHEREAS**, following notice to the parties, on April 2, 2002 a hearing was held on Plaintiff's Motion for a Temporary Restraining Order, and following that hearing, this Court granted the motion, concluding that Plaintiff had demonstrated that she would be irreparably harmed without such an order, that the City would not be harmed, that the public interest and a balancing of the hardships favored entry of the order, and that Plaintiff was likely to prevail on her the merits of her claim (See Transcript of Hearing 4/2/02, attached hereto as Exhibit B); and

WHEREAS, at the hearing on April 2, 2002, Plaintiff waived a trial by jury to facilitate expedited consideration of the merits of the case and counsel for both parties agreed to waive a preliminary injunction hearing and to proceed to a trial on the merits; and

WHEREAS, on April 2, 2002, the Court signed a Temporary Restraining Order that was to commence, by agreement, on April 8, 2002 and was to run initially for ten business days until April 19 2002, and was to be extended until May 2, 2002 to accommodate Defendant's attorney's vacation because she indicated she would not be available for a hearing the week ending the 19th of April due to such vacation (See Exhibit B; see also Temporary Restraining Order, attached as Exhibit C); and

WHEREAS, after consultation with counsel and without objection the court set April 30, 2002 as the trial date for a bench trial on the merits; and

WHEREAS, on April 5, 2002 Defendant served a notice of a motion seeking a continuance of the trial (See Defendant's motion, attached hereto as Exhibit D), and on April 9, 2002, counsel for the parties appeared in court to present and address that motion (See Transcript of 4–9–02 Hearing, attached hereto as Exhibit E); and

WHEREAS, on April 9, 2002, before any hearing or ruling was had on Defendant's motion for continuance, counsel for Defendant announced to the Court that the motion for continuance was being withdrawn because it was Defendant's intention to make Plaintiff whole, thus obviating the need for a trial; and

WHEREAS, a brief discussion was had on the record at that time, after which the proceeding was briefly adjourned so that the parties could meet outside of the courtroom to discuss settlement; and

WHEREAS, after that discussion, the April 9 proceeding recommenced; counsel for Defendant announced to the Court that an agreement had been reached, and she set forth on the record the material terms of that settlement, the first of which was that the Defendant would be enjoined from applying GO 98–2 to Plaintiff so long as she passed her firearm certification at the firing range (See Exhibit E); and

WHEREAS, following counsel for Defendant's recitation of the settlement terms, counsel for the Plaintiff indicated on the record her acceptance of those terms, subject only to confirming that Plaintiff would agree to waive her claim for compensatory damages under the Rehabilitation Act (See Exhibit E); and

WHEREAS, on April 16, 2002, the parties returned to court, at which time counsel for Plaintiff stated on the record that Plaintiff had agreed to the one open term in the settlement, i.e. that she would waive all compensatory damages (See Transcript of 4/16/02 Hearing, attached hereto as Exhibit F); and

WHEREAS, the parties have entered into a binding agreement for a consent decree;

NOW THEREFORE, in accordance with the agreement reached by the parties and set forth on the record by counsel for Defendant on April 9, 2002 (and as ratified by confirmation of Plaintiff's waiver of damages),

IT IS HEREBY ORDERED:

1. Defendant City of Chicago is permanently enjoined from applying Police General Order 98–2, the "minimum eligibility requirements" for "Limited/convalescent duty" (see Exhibit A), to Plaintiff Judith Kelley except insofar as that General Order requires her to qualify with her weapon at the firing range;

2. All of the leave that Plaintiff used in 2000, 2001 and 2002 because she was not permitted to work, shall be restored, which leave includes (according to Defendant's records):

   a. 9 baby furlough days

   b. 6 personal days

   c. 69.77 hours compensatory time, and

   d. 350 days medical roll;

3. Plaintiff has waived all compensatory damages in this matter; and

4. Defendant shall pay to plaintiff reasonable attorneys' fees for all work performed in this case up to the date of this order, which attorneys fees shall consist of an amount to be agreed upon by the parties or, failing agreement, an amount to be determined by the court upon petition by Plaintiff;

and

**IT IS FURTHER ORDERED:**

Defendant shall not retaliate against Plaintiff or harass her in any way for having brought this action and shall not transfer the Plaintiff to another position in the Department without her consent unless leave of court is obtained; and

This Court shall retain jurisdiction of this matter solely to enforce this decree, and upon entry of an order setting the amount of attorneys' fees, in all other respects this action will be dismissed with prejudice.